

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ronney Earl Turner, )
    Plaintiff, )
     )
v. ) 1:16cv510 (CMH/JFA)
     )
Wyatt Ruffin and Mary Mayhue, )
    Defendants. )

MEMORANDUM OPINION

Ronney Earl Turner, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he suffered deliberate indifference to his serious medical needs that resulted in his loss of a tooth. The matter is presently before the Court on Motions for Summary Judgment filed separately by defendants Wyatt Ruffin, D.D.S., and Mary Mayhue, RDA. Also pending are a Motion for Default Judgment by the plaintiff and a Motion for Leave to File Out of Time Response by defendant Mayhue. For the reasons which follow, plaintiff's Motion for Default Judgment will be denied, defendant Mayhue's Motion for Leave to File Out of Time Response will be granted, and both Motions for Summary Judgment will be granted.

I. Background

Plaintiff, an inmate confined at Sussex II State Prison ("Sussex II"), commenced this lawsuit in May, 2016, alleging that he requested dental service for a tooth from which a filling had fallen out on December 18, 2014. Plaintiff saw dentist Wyatt Ruffin on February 20, 2015, and allegedly was scheduled for a restorative procedure on the tooth. However, plaintiff was not seen again until August 3, 2015, some 24 weeks later, and by then, the tooth was unsalvageable and had to be extracted. Plaintiff named Dr. Ruffin and Mary Mayhue, a registered dental

assistant ("RDA") as defendants, and as relief he sought monetary damages and injunctive relief mandating improved dental care for Virginia prisoners.[1]

On December 13, 2016, defendant Dr. Ruffin filed a Motion for Summary Judgment with a supporting memorandum of law and exhibits, and supplied plaintiff with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civ. R. 7(J). (Dkt. No. 17 -20) Plaintiff filed a response in opposition to the motion on January 11, 2017. (Dkt. No. 28)

Meanwhile, on December 19, 2016, plaintiff moved for the entry of a default judgment against defendant Mayhue, on the ground that she had failed to file an answer or other responsive pleading in accordance with the Notice of Lawsuit and Request for Waiver of Service. (Dkt. No. 21) Two days later, Mayhue, through counsel, filed her Opposition to Motion for Entry of Default Judgment. (Dkt. No. 23) In it, counsel explained that he had been retained by the Virginia Division of Risk Management ("DRM") to represent Dr. Ruffin, and a Motion for Summary Judgment was timely filed on Ruffin's behalf. However, at the time the Notices of Lawsuit were issued, Mayhue was no longer employed at Sussex II, and DRM accordingly sent her the Notice of Lawsuit along with a Former Employee's Request for Coverage. Due to a miscommunication Mayhue did not receive the documents until December 20, 2016, and at that time counsel was appointed to represent her as well as Dr. Ruffin. The following day counsel filed both the Opposition to Motion for Entry of default as well as a Motion for Leave to File an

---

[1] In a second claim, plaintiff alleged in conclusory fashion that his Eighth Amendment right to adequate dental care was violated "from 2014 to 2015, because his treatment was limited to the pulling of teeth that could have been easily saved," Compl. at 11, and in addition to dentist Ruffin he named as a defendant A. David Robinson, the Chief of Corrections Operations for the Virginia Department of Corrections. Plaintiff was directed to particularize and amend his allegations as to this claim, and in the amended complaint (Dkt. No. 10) the claim was abandoned. Defendant Robinson accordingly was dismissed from the lawsuit.

2

Out of Time Response to the Amended Complaint. (Dkt. No. 24) Under these circumstances, and mindful both that the Fourth Circuit Court of Appeals strongly favors a policy that cases be decided on the merits, United States v. Shaffer Equip. Co., 11 F.3d 450 453 (4th Cir. 1993), and that the minimal delay in Mayhue's filing of a responsive pleading caused plaintiff to suffer no prejudice, Wilson v. Turner, 2014 WL 4426126 (D. Md. Sept. 2, 2014), defendant Mayhue's Motion for Leave to File an Out of Time Response will be granted, and plaintiff's Motion for Entry of Default Judgment against Mayhue will be denied.

On January 30, 2017, Mayhue filed a Motion for Summary Judgment with a supporting memorandum, and provided plaintiff with the appropriate Roseboro notice. (Dkt. No. 29-31) Plaintiff submitted a response in opposition to the motion on February 24, 2107. (Dkt. No.33) Accordingly, this matter is now ripe for disposition.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial

3

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Undisputed Facts

The following material facts are undisputed. Dr. Ruffin is employed by the Virginia Department of Corrections ("VDOC") and is the only dentist at Sussex II. Dkt. No. 19, Ex. 1, Ruffin Aff. ¶¶ 1, 3. The facility houses approximately 1250 inmates, and in his five-day workweek Dr. Ruffin sees about 50 inmates, including all new inmates within 30 days of their arrivals. The average wait time for routine dental services can span months, depending on the demands on Dr. Ruffin's time and the specific nature of the required services. Id., ¶ 3.

At a scheduled appointment with Dr. Ruffin on February 20, 2015, plaintiff complained of sensitivity in tooth # 21. Prior to the appointment, Dr. Ruffin had reviewed plaintiff's dental records, and noted that the problem with plaintiff's tooth # 21 had been ongoing for many years. Dentists who had preceded Dr. Ruffin at Sussex II had filled tooth # 21 with DO Amalgam in

October, 2006, and had refilled it with the same substance in February, 2010 and October, 2011. In March, 2013, after his arrival at Sussex II, Dr. Ruffin saw plaintiff and measured a 9-mm pocket between plaintiff's tooth # 20 and tooth # 21, which indicated advanced periodontal disease. In June, 2013, Dr. Ruffin replaced the earlier restoration of tooth #21 with a DO Composite. Id., ¶ 4.

At plaintiff's February 20, 2015 appointment, Dr. Ruffin determined that recurrent decay had occurred in tooth # 21 due to poor oral hygiene, and that plaintiff should return for a restorative procedure. Until the decay was removed Dr. Ruffin would be unable to determine if the tooth could be restored or if it would require extraction. Id., ¶

Plaintiff returned to the dental clinic on August 3, 2015. When Dr. Ruffin removed the decay from tooth # 21 he saw that it had a carious exposure, or uncovering of the tooth pulp, and accordingly he recommended extraction of the tooth. His determination that the tooth could not be salvaged was based on three factors: (1) the carious exposure; (2) there was insufficient tooth structure remaining to hold a filling; and (3) there was advanced bone loss associated with the tooth. Dr. Ruffin informed plaintiff of these findings and extracted the tooth. Id., ¶ 6.

During the period between plaintiff's appointments on February 20 and August 3, 2015, he never requested any pain medication or emergency or urgent dental treatment from Dr. Ruffin. Id., ¶ 7. Dr. Ruffin attests that "[i]t takes years for a tooth to decay to the terrible condition in which [he] found plaintiff's tooth # 21," and the "six-month wait in between plaintiff's February 2015 appointment and his return to the clinic on August 3, 2015 did not determine the final outcome of the extraction of tooth # 21." Id., ¶ 8.

Defendant Mayhue was employed at Sussex II as a Registered Dental Assistant ("RDA")

during the events at issue here. In that role it was her responsibility to schedule inmates for dental appointments in accordance with the VDOC Operating Procedures. Dkt. No. 31, Ex. 1, Mayhue Aff. ¶¶ 1, 3. Under those guidelines, requests for routine dental treatment are to be scheduled in the chronological order in which they are received. Id., ¶ 3.[2] After plaintiff saw Dr. Ruffin on February 20, 2015, Mayhue scheduled him for routine treatment in that manner, as restoration and extraction of teeth are considered routine. Id., ¶ 4. Mayhue had no responsibility with regard to the hiring or assignment of dental personnel at Sussex II. Id., ¶ 5.

Plaintiff submitted responses to both summary judgment motions. (Dkt. No. 28, 33) Neither was filed under penalty of perjury. Attached as an exhibit to the response to Dr. Ruffin's motion is plaintiff's affidavit, which states in its entirety:

> I Ronney Earl Turner states under the penalty or perjury: that on February 20, 2016 Mary Mayhue xrayed my tooth # 21 and after Dentist Ruffin examine [sic] it, he told me that Mary Mayhue will schedule me for fillings soon.

Dkt. No. 28, Ex. 2.[3]

---

[2] VDOC Operating Procedure 720.6, entitled Dental Services, establishes a four-tier classification system to prioritize inmates' dental needs. Class 2, the moderate priority level, includes both restorations and extractions. Dkt. No. 19, Ex. 2. It also provides that "[r]equests for routine dental treatment will be scheduled in the chronological order in which they are received." Id.

[3] As a general rule, the non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the non-moving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings, a "declaration under oath ... is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 (D.C. 1994). Here, however, even if the substance of plaintiff's affidavit is considered, defendants are entitled to the summary judgments they seek.

## IV. Analysis

To establish an Eighth Amendment claim for denial of medical care, a plaintiff must show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that poor or inadequate medical treatment rose to the level of a constitutional violation, a plaintiff must show that he suffered "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). To do so, plaintiff must prove two distinct elements. First, he must show that he suffered from a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must establish that the defendant was deliberately indifferent to that serious medical need. Under this second prong, mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must show that the defendant was deliberately indifferent "by either actual intent or reckless disregard," Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); that is, that the defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. A prisoner's disagreement with medical personnel over the course of his treatment will not support an Eighth Amendment cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

A delay in medical treatment may constitute deliberate indifference. See Smith v. Smith,

589 F.3d 736, 739 (4th Cir. 2009) (citing Estelle, 429 U.S. at 104-05). A constitutional violation only occurs, however, if the delay results in some "substantial harm" to the patient. Thus, in addition to showing that his medical need was objectively serious, the plaintiff must also establish that the delay in the provision of medical care resulted in an objectively "substantial harm." See Webb v. Hamidullah, 281 Fed. App'x. 159, 166 (4th Cir. 2008) (unpublished decision); Shabazz v. Prison Health Servs., No. 3:10cv190, 2011 WL 2489661, at *6 (E.D. Va. Aug. 9, 2011). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." Shabazz, 2011 WL 2489661, at *6.

Here, plaintiff fails to establish that either defendant was deliberately indifferent to the serious medical need posed by his tooth # 21.[4] Distilled to its essence, plaintiff's claim is that the six-month period he was made to wait for a follow-up appointment with Dr. Ruffin amounted to deliberate indifference, because in his view it necessitated the extraction of the tooth. However, the undisputed evidence now before the Court does not support that conclusion.

First, there is no indication that Dr. Ruffin was deliberately indifferent to the condition of plaintiff's tooth # 21. As detailed above, plaintiff had been experiencing problems with that tooth for almost a decade prior to the events at issue here; in fact, Dr. Ruffin himself had noted advanced periodontal disease in the area of tooth # 21 in March, 2013, and had performed a restoration of the tooth in June, 2013. When plaintiff reported sensitivity in the tooth at his February 20, 2015 appointment, he was scheduled by defendant Mayhue in accordance with the

---

[4]Because the tooth required extraction, and because plaintiff's claim clearly fails on the deliberate indifference component, the Court assumes for purposes of analysis that his condition was sufficiently serious to warrant constitutional protection.

8

VDOC Operating Procedures for follow-up routine care.[5] At the follow-up appointment in August, 2015, Dr. Ruffin determined after decay was removed from the tooth that it would require extraction, and the extraction was performed. Significantly, during the six months that elapsed between the two appointments, plaintiff never requested pain medication and never sought urgent or emergency dental care. While plaintiff clearly does not believe that these measures were adequate, they belie any suggestion that Dr. Ruffin was deliberately indifferent to the condition of plaintiff's tooth "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; see Muhammad v. Tatro, 2013 WL375472 (W.D.Va. Jan. 30, 2013), aff'd, 521 F. App'x 308 (4th Cir. 2013) (finding prison dentist was not deliberately indifferent where plaintiff was placed on waiting list for routine dental treatment per VDOC procedures, waiting period was five month, and plaintiff made no request for emergency dental treatment while waiting); Royal v. Bassett, 2008 WL 5169443 at *7 (W.D.Va. Dec. 9, 2008), aff'd, 331 F. App'x 216 (4th Cir. 2009) (finding that plaintiff failed to establish deliberate indifference where he did not allege "that he suffered trauma, swelling, excessive bleeding, infection, or unrelenting or severe pain as the result of his dental conditions.").

Second, at this juncture it is apparent that the six-month delay about which plaintiff complains did not cause him to suffer substantial harm. Plaintiff posits that the six-month delay

---

[5] Plaintiff asserts in the amended complaint that he had a dental treatment plan in place, which meant that pursuant to OP 720.6 his appointments were to be scheduled no more than twelve weeks apart. Dkt. No. 10, Statement of the Claim at 1-2. Dr. Ruffin denies in his Memorandum of Law (although not in his affidavit) that plaintiff had a treatment plan. Dkt. No. 19 at 5. The dental records supplied by the plaintiff as exhibits to the amended complaint demonstrate that he was informed at least twice that he was scheduled for "routine care" for tooth # 21, Dkt. No. 10, Statement of the Claim, Ex. C-D ; there is no mention or indication of the existence of any treatment plan.

caused the tooth to become unsalvageable and require extraction, but he has come forward with nothing to rebut Dr. Ruffin's attestation that the "terrible condition" of the tooth would have "take[n] years" to develop, and that "six-month wait in between plaintiff's February 2015 appointment and his return to the clinic on August 3, 2015 did not determine the final outcome of the extraction of tooth # 21." Ruffin Aff., ¶ 8. Clearly, the six-month delay did not of itself comprise a constitutional violation. See Webb v. Ray, 2006 WL 1587461 at * 5-6 (W.D.Va. June 6, 2006), aff'd , 215 F. App'x 246 (4th Cir. Jan. 30, 2007) (allegations of six-month delay in providing dental care failed to state a claim of constitutional magnitude where plaintiff failed to allege dental problems requiring immediate treatment or that defendants knowingly disregarded a an excessive risk to his dental health). Plaintiff also asserts that the extraction of the tooth left him with only seven bottom teeth and nine top teeth and caused him to suffer difficultly in chewing and weight loss. Am. Compl. at 5-6. However, since a normal adult mouth has 32 teeth, it s readily apparent that plaintiff's ability to chew was already significantly compromised prior to the extraction of tooth # 21. Accordingly, as plaintiff has failed to establish either that Dr. Ruffin was deliberately indifferent to the condition of his decayed tooth or that the delay in treating the tooth caused him to suffer substantial harm, his claim that Dr. Ruffin violated his Eighth Amendment rights must fail.

Plaintiff's claim that defendant Mayhue violated his constitutional rights is even more tenuous. Her sole connection with the situation at issue here was to schedule plaintiff's follow-up appointment ordered by Dr. Ruffin after plaintiff's February 20, 2015 dental examination. According to her affidavit, she scheduled an appointment for routine dental treatment in chronological order, in accordance with the VDOC Operating Procedures. Mayhue Aff., ¶¶ 1, 3.

She had no responsibility for hiring or assigning VDOC dental personnel, so to the extent that the delay plaintiff experienced may have been the result of Dr. Ruffin's busy schedule, Mayhue cannot be held responsible for it. See Ryan v. Whitehead, 2010 WL 2816976 (D. Md. July 15, 2010) (delay in providing dentures to prisoner due to dental staff treating urgent and emergent dental needs of other inmates did not constitute deliberate indifference); Crosby v. Cushinberry, 2009 WL 8690264 (E.D.Va. Sept. 30, 2009), aff'd, 388 F. App'x 253 (4th Cir. July 14, 2010) (jail technician could not be held liable for delay resulting from shortage of dental personnel where hiring decision were made by higher-ranking officials). Here, then, defendant Mayhue is also entitled to the summary judgment she seeks.

## IV. Conclusion

For the foregoing reasons, plaintiff's Motion for Default Judgment will be denied, defendant Mayhue's Motion for Leave to File Out of Time Response will be granted, and both defendants' Motions for Summary Judgment will be granted. An appropriate Order and Judgment shall issue.

Entered this 2nd day of June 2017.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia